Argued and submitted June 12, affirmed October 30, 1985

## RAMSEY,
*Appellant,*

*v.*

## CITY OF SALEM,
*Respondent.*

(144789; CA A34199)

707 P2d 1295

Gregory W. Byrne, Portland, argued the cause and filed the brief for appellant.

William G. Blair, Assistant City Attorney, Salem, argued the cause for respondent. With him on the brief was William J. Juza, City Attorney, Salem.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff fell on a sidewalk and suffered injuries. She alleged that the defendant city was negligent in failing to repair the sidewalk and in failing to warn plaintiff of the danger it presented. The city answered affirmatively that it had no actual or constructive knowledge of the defective condition of the sidewalk, that its lack of knowledge was due to its not having inspected the sidewalk and that the decision not to inspect the sidewalk was an exercise of governmental discretion which is immune from liability under ORS 30.265(3)(c). The trial court agreed with the city, granted its motion for summary judgment and entered judgment in its favor. Plaintiff appeals, and we affirm.

The city relies on *Sager v. City of Portland,* 68 Or App 808, 815, 684 P2d 600, *rev den* 298 Or 37 (1984), where we said:

"* * *Municipalities with fixed budgets must always struggle to allocate limited resources appropriately, and we are constrained against finding that the legislature intended to impose liability in such circumstances.

"We conclude that the failure of the City to inspect and repair its sidewalks is a discretionary act and immune from liability. * * *"

The quoted statement from *Sager* was made after a detailed recitation of the applicable law and the facts. We emphasize that *Sager* does not hold that discretionary acts immunity applies to *all* decisions by *any* city employe about whether to inspect sidewalks. The same distinction between policy judgment and implementation, and the same emphasis on the nature of the decision, the decision-maker and the latter's authority rather than on the substance of the decision, are as applicable here as they are in any other context where the defense of discretionary acts immunity is interposed. *See Miller v. Grants Pass Irrigation,* 297 Or 312, 686 P2d 324 (1984); *Stevenson v. State of Oregon,* 290 Or 3, 619 P2d 247 (1980); *Pendergrass v. State of Oregon,* 74 Or App 209, 702 P2d 444, *rev den* 300 Or 162 (1985).

In this case, as in *Sager,* the relevant decisions concerning the provision of sidewalk inspection services were made at the city council and other policy making levels as part of the process of adopting the city's budget. We agree with the

trial court that, as a matter of law, the city is immune from liability in this action.

Affirmed.